```
 1
 2
 3
 4
 5
 6
 7
 8                     UNITED STATES DISTRICT COURT
 9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  TYRONE HAWKINS,                    )  NO. CV 05-3996-E
                                       )
12                  Plaintiff,         )
                                       )
13       v.                            )  MEMORANDUM OPINION
                                       )
14  JO ANNE B. BARNHART, COMMISSIONER  )  AND ORDER OF REMAND
    OF SOCIAL SECURITY ADMINISTRATION, )
15                                     )
                                       )
16                  Defendant.         )
    _____)
17
```

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
20  judgment are denied and this matter is remanded for further
21  administrative action consistent with this Opinion.
22
23                              **PROCEEDINGS**
24
25       Plaintiff filed a complaint on June 7, 2005, seeking review
26  of the Commissioner's denial of benefits.  The parties filed a
27  consent to proceed before a United States Magistrate Judge on
28  October 11, 2005.

1  Plaintiff filed a motion for summary judgment on December 8,
2  2005.  Defendant filed a motion for summary judgment on January 9,
3  2006.  The Court has taken both motions under submission without
4  oral argument.  See L.R. 7-15; "Order," filed June 20, 2005.

## BACKGROUND

Plaintiff asserts disability since July 1, 1997, based primarily on alleged mental problems (Administrative Record ("A.R.") 72, 220-24).  An Administrative Law Judge ("ALJ") found severe mental problems, but concluded Plaintiff retains the residual functional capacity to perform simple, repetitive tasks (A.R. 18).  In so concluding, the ALJ rejected the opinion of treating psychiatrist Dr. Robert Barker, who had stated Plaintiff "is completely and permanently disabled" (A.R. 15-16, 224).  The Appeals Council denied review (A.R. 5-7).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///
///

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

///

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

3

1      In the present case, the ALJ rejected Dr. Barker's opinions as
2 allegedly unsupported by treatment records and as seemingly
3 constituting an uncritical endorsement of Plaintiff's subjective
4 complaints (A.R. 16).  Absent further inquiry, these findings do not
5 justify the rejection of Dr. Barker's opinions.  An ALJ need not
6 accept the opinion of a treating physician that is unsupported by
7 clinical findings or predicated on the properly discounted subjective
8 complaints of the claimant.  See Matney v. Sullivan, 981 F.2d 1016,
9 1019-20 (9th Cir. 1992); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.
10 1989).  However, where, as here, an ALJ believes a treating
11 physician's opinion is not "based on medically acceptable clinical
12 and laboratory diagnostic techniques," further inquiry of the
13 treating physician should precede a final determination of whether
14 the treating physician's opinions are not adequately supported.
15 20 C.F.R. 404.1512(e); see Smolen v. Chater, 80 F.3d 1273, 1288 (9th
16 Cir. 1996) ("If the ALJ thought he needed to know the basis of
17 Dr. Hoeflich's opinions in order to evaluate them, he had a duty to
18 conduct an appropriate inquiry, for example, by subpoenaing the
19 physicians or submitting further questions to them.  He could also
20 have continued the hearing to augment the record") (citations
21 omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
22 1983) ("the ALJ has a special duty to fully and fairly develop the
23 record and to assure that the claimant's interests are considered").
24
25      When a court reverses an administrative determination, "the
26 proper course, except in rare circumstances, is to remand to the
27 agency for additional investigation or explanation."  INS v. Ventura,
28 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

proper where, as here, additional administrative proceedings could remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in <u>Harman v. Apfel</u>, 211 F.3d 1172 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) ("<u>Harman</u>") does not compel a reversal rather than a remand of the present case.  In <u>Harman</u>, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  <u>Harman</u> at 1178 (citations and quotations omitted).  Assuming, <u>arguendo</u>, the <u>Harman</u> holding survives the Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[2]/ the <u>Harman</u> holding does not direct reversal of the present case.  Here, the Administration must recontact Dr. Barker concerning "outstanding issues that must be resolved before a determination of disability can be made."  Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of Dr. Barker credited.

///

---

[2]/  The Ninth Circuit has continued to apply <u>Harman</u> despite <u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 18, 2006.


                              /S/
                       CHARLES F. EICK
                UNITED STATES MAGISTRATE JUDGE